IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RANDY CARSON,**

               Plaintiff,

   v.

**JACKSON COUNTY, CONNIE HELM,
& ELIZABETH JACOBSEN,**

               Defendants.

Case Number CV 08-3077-CL

**REPORT & RECOMMENDATION**

Clarke, Magistrate Judge:

    Plaintiff Randy Carson (Plaintiff) filed this action on July 18, 2008, against Defendants Jackson County, Connie Helm, and Elizabeth Jacobsen (Defendants) alleging a violation of his civil rights under 42 U.S.C. § 1983 and negligence under the Oregon Revised Statute 20.275. Plaintiff alleged that both claims arose from the same common nucleus of operative fact. This court has original jurisdiction of the civil rights claim under 28 U.S.C. § 1331 and supplemental jurisdiction of the state tort claim under 28 U.S.C. § 1367.

    On February 24, 2009, the parties stipulated to a dismissal with prejudice of the first action for damages under 42 U.S.C.§ 1983. The only claim that remains is the tort claim for damages on state law grounds.

**REPORT & RECOMMENDATION**

## Discussion

The court no longer has jurisdiction to hear Plaintiff's remaining claim, and the case should be dismissed without prejudice for refiling in state court. "The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  When the district court has original jurisdiction, "the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form the same case or controversy." However, "the district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.S. § 1367 (a) & (c).

"[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  Where plaintiff voluntarily drops a claim which conferred federal question jurisdiction and no diversity jurisdiction is alleged or demonstrated, "there [is] no federal claim to which these state claims could be 'supplemental.'"[1] Wellness Community-Nat'l v. Wellness House, 70 F.3d 46, 50 (7th Cir. 1995); see The Rutter Group, Federal Civil Procedure Before Trial 2:156:1, 13 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3567 (Suppl. 2009).[2]

---

[1] The result is different in a case removed to federal court for the reason that a plaintiff cannot defeat federal jurisdiction by amendment because of defendant's right to a federal forum. In removal cases, jurisdiction is determined on the basis of the original complaint removed to the federal court. Bolens v. Redman Homes, Inc., 759 F.2d 504, 507-08 (5th Cir. 1985) (and cases cited); Wellness, 70 F.3d at 50.

[2] In Federal Practice and Procedure, the authors state: "The situation in which the federal claim is dismissed should be distinguished from the situation in which an amendment to the complaint eliminates the original basis of federal jurisdiction. In the latter scenario, the amended complaint supersedes the original complaint, and the case should be treated as though the plaintiff has pleaded no basis of federal jurisdiction. In such a case, retaining

**REPORT & RECOMMENDATION**

Plaintiff first alleged two claims for damages. Because he dismissed his section 1983 federal question claim and he fails to allege a federal question jurisdiction on his second, remaining claim, the court lacks subject matter jurisdiction in this matter. Accordingly, the claim should be dismissed, without prejudice, for refiling in state court.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by April 27, 2009. If objections are filed, any responses to the objections are due within 10 days,* see *Federal Rules of Civil Procedure 72 and 6*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __10__ of April, 2009.



Mark D. Clarke
UNITED STATE MAGISTRATE JUDGE

---

jurisdiction of the non-federal claims is improper."
**REPORT & RECOMMENDATION**